1  ISMAIL J. RAMSEY (CABN 189820)
   United States Attorney
2
   MARTHA BOERSCH (CABN 126569)
3  Chief, Criminal Division

4  JONATHAN U. LEE (CABN 148792)
   Assistant United States Attorney
5
       450 Golden Gate Avenue, Ninth Floor
6      San Francisco, California 94102
       Telephone: (415) 436-7210
7      Jonathan.Lee@usdoj.gov

8  Attorneys for United States of America

9                        UNITED STATES DISTRICT COURT

10                      NORTHERN DISTRICT OF CALIFORNIA

11                                OAKLAND DIVISION

12
   UNITED STATES OF AMERICA,           )  CASE NO. CR 23-060 HSG
13                                     )
            Plaintiff,                 )
14                                     )  **SENTENCING MEMORANDUM**
       v.                              )
15                                     )
   ANTOINE FORD,                       )  Date: July 17, 2024
16                                     )  Time: 2:00 p.m.
            Defendant.                 )  Before: Hon. Haywood S. Gilliam, Jr.
17                                     )
                                       )
18                                     )
                                       )
19                                     )
                                       )
20

SENTENCING MEMORANDUM
CR 23-060 HSG

## I. INTRODUCTION

The United States recommends a sentence in this case of 46 months imprisonment, followed by three years of supervised release, for the reasons set forth below. Defendant Antoine Ford has repeatedly carried a firearm, defying courts' orders in his several felony conviction judgments, so that he can use the weapon if he deems it appropriate. He used a firearm to shoot another person involved in a dispute with his friend in September 2022. After his indictment in this case, at the time of his February 2023 arrest, Mr. Ford carried another loaded firearm on his person, for which he was charged in a second count. The recommended sentence will address the nature and seriousness of the conduct, the need for promote respect for the law, the need to provide for a just sentence, the need for deterrence, the need to protect the community, and the history and characteristics of the defendant.

## II. FACTUAL BACKGROUND

### A. Defendant's Offense Conduct

On September 24, 2022, at 7:03 a.m., Oakland PD officers responded to a ShotSpotter activation of four rounds fired near or at Brockhurst Avenue, an east-west street between Market and San Pablo in Oakland. This block of Brockhurst Avenue connects Market and San Pablo between 32nd and 33rd Streets in the Hoover-Foster neighborhood of Oakland. It is a short block, located one block north of the intersection of Market and San Pablo.

At approximately 7:16 a.m., a gunshot victim identified as Mr. Wright arrived at nearby Summit Hospital with gunshot wounds. Officers learned that Mr. Ford dropped Mr. Wright off at Summit. The hospital security video shows Mr. Ford at the hospital bringing Mr. Wright into the emergency department in a wheelchair, before leaving.

Officers recovered video surveillance footage from 925 Brockhurst showing the shooting. The security video shows two African-American males standing near each other in the street arguing. One of the males was Mr. Wright. Mr. Ford was seated in the driver's seat of a parked vehicle located to the east on Brockhurst. During the argument, the other male, a Mr. Bessette, shot Mr. Wright. Watching this unfold, Mr. Ford opened the driver's door so that he could shoot at Mr. Bessette, who sustained two gunshot wounds. Mr. Ford was a car length away from Mr. Bessette, whose back was turned, when he

SENTENCING MEMORANDUM
CR 23-060 HSG                             1

fired the Glock at him. Mr. Ford was in the rear vehicle, shown in the frame below, firing through the open space between the front door and the body of the vehicle. Mr. Wright is out of view in this frame, having run to the west. Mr. Bessette is in the foreground, in front of the front parked vehicle, in the white shirt. (The still frame below is taken from the video of the incident, which the defense has had enhanced and slowed by an expert.)

After shooting, Mr. Ford got out of the vehicle, and he walked toward the rear bumper, before returning to the driver's seat. He was later seen on Summit Hospital video bringing Mr. Wright into the emergency department.

On November 17, 2022, OPD executed a search warrant at Mr. Ford's apartment in Oakland. Officers recovered a loaded Glock 27 handgun, .40 caliber, with serial number TZS293 from a box of clothing in a bedroom in which they also found Ford's indicia. OPD's Lab test-fired the Glock and entered the associated data into the NIBIN Regional Database. The result was a potential hit to a cartridge case recovered at the scene of the September 24 shooting, as well as another shooting. OPD's Lab performed a microscopic comparison analysis of the Glock firearm to evidence recovered at the scene of the September 24 shooting. OPD concluded that cartridge cases recovered at the scene of the September 24 shooting were fired from the Glock recovered from Ford's apartment on November 17.

After his indictment in this case, federal law enforcement personnel arrested Ford on February 21, 2023, and again, he had a loaded handgun on his person. The handgun was a Cobra Denali .380

caliber with serial number K18220, loaded with six rounds of ammunition.

The photos of the guns possessed by Mr. Ford are below.  The Glock he used to shoot Mr. Bessette on September 24, 2022 is on the left; the Cobra Denali he carried at the time of his February 2023 arrest is on the right.




### B.     Procedural History

On February 16, 2023, the Grand Jury returned a single count Indictment alleging violations of 18 U.S.C. § 922(g)(1), felon in possession of a firearm and ammunition.  PSR ¶ 1.  On March 2, 2023, the Grand Jury returned a two-count Superseding Indictment charging the defendant with possession of a firearm and ammunition at the time of his arrest on the Indictment.  PSR ¶ 2.  On March 6, 2024, Mr. Ford pled guilty to both counts.  PSR ¶ 3.

### C.     Plea Agreement

The parties agree that the base offense level is 14 and a four-level enhancement under Guideline 2K2.1(b)(6)(B) applies because Mr. Ford possessed the firearm in connection with another felony offense, specifically a violation of California Penal Code § 246.3 (willful discharge of a firearm in a grossly negligent manner which could result in injury or death to a person).  Plea Agreement, ¶ 2 (Dkt. No. 55 at p. 3, ll. 14-17).

## III.    PENALTIES

The maximum penalty for a violation of 18 U.S.C. § 922(g)(1) is 15 years imprisonment.  *See* 18 U.S.C. § 924(a)(8).  The United States agrees with Probation that the applicable guideline range is 37-46

months.  PSR ¶ 80.

## IV.     SENTENCING RECOMMENDATION

### A.     A 46-month sentence is reasonable and appropriate

Taking the 18 U.S.C. § 3553 factors into account, a term of imprisonment of 46 months is an appropriate and just sentence in this case.

#### 1.     History and characteristics of the defendant

Mr. Ford has experienced gun-related violence.  The government contends this is connected, as least in part, to his association with the Ghost Town gang.  PSR ¶ 19.  In this case, Mr. Ford's position has been consistent – because he has experienced gun-related violence, he carries a loaded firearm in case he needs it.  The problem with this is that Mr. Ford has multiple felony convictions and, as a result, is prohibited from possessing a firearm.  This prohibition has been in place for fifteen years.  On February 17, 2009, Judge Jensen signed the Judgment in *United States v. Ford*, CR 08-558.  Mr. Ford's sentence was 51 months of imprisonment and three years of supervised release.  ECF 21.  The count of conviction was a violation of 18 U.S.C. § 922(g).  Special condition of supervision #5 in the judgment stated, "The defendant shall not own or possess any firearms, ammunition, destructive devices, or other dangerous weapons."  This Court reimposed this same condition in Mr. Ford's later federal case.  *See* Judgment, Special Condition #6 in *United States v. Ford*, 15-585, ECF 19 (July 6, 2016).

#### 2.     The need to reflect the seriousness of the conduct

The conduct here is serious.  Mr. Ford used the Glock on September 24 to shoot another person who was involved in a dispute with Mr. Ford's friend.  To do this, Mr. Ford left his seated position in the front seat of a parked vehicle, opened the door so he could have line of sight, and fired at Mr. Bessette.  Mr. Ford's position is that he can arm himself while going about his life because he may need to shoot someone who may be out to do him harm.  There is no better example of this than his possession of the Cobra Denali at the time of his February 2023 arrest.  At that time, Mr. Ford was on pretrial release in his state case stemming from the Brockhurst shooting, and one of his conditions

SENTENCING MEMORANDUM
 CR 23-060 HSG                                                        4

prohibited him from possessing a firearm. PSR ¶ 16 (text of 11/22/22 minute order copied below).

> Interim/Bail Bond Conditions: ① Do not possess any firearms, deadly weapons, or ammunition ② Submit to 3 way Search Clause

But Mr. Ford made a decision to violate his state release conditions, just as he had decided to disobey his federal judgments. This belief by Mr. Ford that he gets to decide if another person should be shot is another serious dimension of the offense conduct. The prevalence of gun-related violence in Oakland is already serious public problem, and it is made worse if Mr. Ford can follow his own rules of when and how he can possess and use a firearm.

### 3. The need to promote respect for the law

The recommended sentence will promote respect for the law. Mr. Ford's several prior convictions rendered him prohibited from possessing firearms. But instead, Mr. Ford repeatedly armed himself, and he has demonstrated that he will shoot another person. His statements show that he has held the belief that this is a necessary step he needs to take and is prepared to take. Orders and judgments by this Court and state courts have not altered Mr. Ford's decision-making to this point in time. In addition, among Mr. Ford's felony convictions is a 2015 federal conviction for escape, PSR ¶ 45, a further instance of his lack of respect for the law.

### 4. The need to provide for a just sentence

The government's view is that 46 months is the just sentence. More than a decade after Judge Jensen's sentence for a 922(g) conviction, Mr. Ford continued to carry and use firearms. Despite several felony convictions in the intervening years, with additional prohibitions on firearm possession imposed by judges, Mr. Ford did not abide by his sentences. He knew he could not possess firearms lawfully and he did it anyway. The recommended sentence should be imposed.

### 5. The need for adequate deterrence and protection of the community

There is a need for specific deterrence of Mr. Ford and protection of the community from Mr. Ford. Three of his prior seven felony convictions are for firearms possession offenses, including state

SENTENCING MEMORANDUM
CR 23-060 HSG                                      5

convictions in 2006 and 2008 and the federal conviction described above in 2009. This case will be his fourth firearms possession conviction. Mr. Ford's 2013 accessory conviction also involved possession of firearms in a vehicle in which he was a passenger. PSR ¶ 43. Furthermore, there is a need for general deterrence here. Gun-related violence in the Bay Area in general and Oakland in particular is an ongoing problem. Reducing the number of weapons possessed by individuals with a prior felony conviction will assist the community in attempting to address this problem. The vicinity of the Brockhurst shooting in Oakland is a community that has endured an excess of gun-related violence for too long. The recommended sentence will signal like-minded individuals with prior felony convictions who may possess or contemplate possession of firearms that such conduct will result in a significant prison term, and this will both deter other offenders and protect the community.

### B.  Supervised Release

The government requests that the Court sentence the defendant to a term of three years of supervised release. The government also respectfully requests that the Court impose the suspicionless search condition in the plea agreement as part of the sentence. The offense conduct and defendant's criminal history both demonstrate the need for this condition upon defendant's release.

### V.  CONCLUSION

Under the applicable provisions of the Sentencing Guidelines and the factors of 18 U.S.C. § 3553(a) as applied to this defendant and this criminal conduct, the government requests that the Court impose a sentence of 46 months of imprisonment and three years of supervised release.

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

Dated: July 10, 2024                        /s/
                                  JONATHAN U. LEE
                                  Assistant United States Attorney
                                  Attorney for the UNITED STATES OF AMERICA